**UNITED STATES OF AMERICA**
**IN THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Katie M. Lambeth | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| C&M Defense Group LLC | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

COMES NOW Katie M. Lambeth ("Plaintiff"), by and through the undersigned counsel, and files this Complaint for damages against her former employer C&M Defense Group, LLC for failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), breach of contract, unjust enrichment, and quantum merit.

1.

Plaintiff brings this action to recover unpaid payments, unpaid wages, and unpaid overtime compensation arising from her former employment relationship with Defendant.

2.

This action seeks actual and liquidated damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the FLSA, interest, and attorney's fees.

## JURISDICTION & VENUE

3.

The jurisdiction of this Court is involved pursuant to 29 U.S.C. § 216(b) and other law.

4.

Defendant's principal place of business is within Cobb County.

5.

Venue is appropriate before this Court.

## PARTIES

6.

Plaintiff is Defendant's former employee.

7.

Defendant employed Plaintiff from August 1, 2021, until January 29, 2022.

8.

Defendant employed Plaintiff as a payroll manager.

## FACTUAL ALLEGATIONS

9.

Defendant suffered or permitted Plaintiff to work.

10.

Plaintiff was economically dependent upon Defendant.

11.

Defendant determined Plaintiff's working hours.

12.

Defendant determined which duties and assignments Plaintiff was responsible for completing.

13.

On January 29, 2022, Plaintiff voluntarily terminated her employment with Defendant.

14.

During Plaintiff's employment with Defendant, Plaintiff reported to Reginald "Reggie" Daniels, Defendant's vice president.

15.

During Plaintiff's employment with Defendant, Daniels instructed Plaintiff to convert individuals employed by Defendant as security guards from employees to contractors without the employees' prior knowledge, consent, or permission.

16.

Plaintiff voluntarily terminated her employment with Defendant due to her objections to Defendant's unlawful employment practices.

17.

Defendant initially employed Plaintiff for 24 hours per week.

18.

Defendant initially compensated Plaintiff at a rate of $18.00 per hour.

19.

On or about December 6, 2021, Defendant increased Plaintiff's hours per to transition ger from part-time to a full-time employee.

20.

Starting on or about December 7, 2021, Plaintiff was scheduled to work 8:00 a.m. – 5:00 p.m. with a 30-minute unpaid lunch break, Monday - Friday.

21.

Starting on or about December 6, 2021, Plaintiff was scheduled to work for Defendant for 42.5 hours per week.

22.

Defendant compensated Plaintiff for 40 hours of work each week. *See* Plaintiff's Exhibit A.

23.

Defendant paid Plaintiff on a bi-weekly basis.

24.

Defendant instructed Plaintiff to record her worked hours as 40 hours each week after December 6, 2021.

25.

Plaintiff did not invoice or bill Defendant for her services.

26.

Defendant did not withhold taxes from Plaintiff's pay.

27.

Plaintiff's wages were classified as "1099 Compensation" on her earnings statement. *Id*.

28.

Defendant compensated Plaintiff via a check accompanied by an earnings statement. *Id.*

29.

On or about December 6, 2021, Defendant decreased Plaintiff's hourly rate from $18.00 per hour to $16.83 per hour.

30.

Defendant did not change or decrease Plaintiff's job duties or responsibilities when it decreased the rate of Plaintiff's hourly compensation.

31.

At the start of her employment, the parties executed a contractual agreement wherein Defendant agreed to compensate Plaintiff at a rate of $18 per hour for her work as a payroll manager on its behalf.

32.

Defendant unilaterally reduced Plaintiff's compensation rate from $18 per hour to $16.33 per hour after Plaintiff commenced her employment with Defendant.

33.

Defendant misclassified Plaintiff as a contractor instead of an employee.

34.

Defendant purposefully misclassified as a contractor instead of an employee Plaintiff to avoid having to pay Plaintiff overtime compensation as required by the FLSA.

COUNT I:
FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION
OF THE FAIR LABOR STANDARDS ACT.

35.

Paragraphs 1-32 are as if set forth fully herein.

36.

Defendant failed to pay Plaintiff at a rate of one and one-half time her regular hourly rate for each hour that she worked over 40 hours in a single workweek.

37.

During the week of December 6, 2021, Plaintiff worked for Defendant for 42.5 hours.

38.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

39.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of December 6, 2021.

40.

During the week of December 13, 2021, Plaintiff worked for Defendant for 42.5 hours.

41.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

42.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

43.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of December 13, 2021.

44.

During the week of December 20, 2021, Plaintiff worked for Defendant for 42.5 hours.

45.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

46.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

47.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of December 20, 2021.

48.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

49.

During the week of December 27, 2021, Plaintiff worked for Defendant for 42.5 hours.

50.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

51.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of December 27, 2021.

52.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

53.

During the week of January 3, 2022, Plaintiff worked for Defendant for 42.5 hours.

54.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

55.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 3, 2022.

56.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

57.

During the week of January 10, 2022, Plaintiff worked for Defendant for 42.5 hours.

58.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

59.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 10, 2022.

60.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

61.

During the week of January 17, 2022, Plaintiff worked for Defendant for 42.5 hours.

62.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

63.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 17, 2022.

64.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

65.

During the week of January 24, 2022, Plaintiff worked for Defendant for 42.5 hours.

66.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

67.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 24, 2022.

68.

Defendant is liable to Plaintiff in the amount of $67.50 in unpaid overtime compensation plus an additional $67.50 in liquidated damages.

## COUNT II:
### QUANTUM MERUIT

Plaintiff incorporates by reference paragraphs 1-34, as if set forth fully herein.

69.

Plaintiff worked as a payroll manager services to Defendant from January 17, 2022 – January 29, 2022.

70.

Plaintiff worked for Defendant for 42.5 hours during the week of January 17, 2022.

71.

Plaintiff worked for Defendant for 42.5 hours during the week of January 24, 2022.

72.

Plaintiff's performance of services for Defendant was valuable to Defendant.

73.

The services that Plaintiff performed were at the request of Defendant.

74.

Defendant failed to compensate Plaintiff for the work Plaintiff performed for Defendant from January 17, 2022 – January 29, 2022.

75.

Defendant's failure to compensate Plaintiff is unjust.

76.

Plaintiff expected Defendant to compensate her at the time services were rendered.

77.

There was an express contract between Plaintiff and Defendant that required that Plaintiff perform the functions of a payroll manager for Defendant in exchange for $18.00 per hour.

78.

There was an implied contract between Plaintiff and Defendant that required that Plaintiff perform the functions of a payroll manager for Defendant in exchange for $18.00 per hour.

79.

Plaintiff performed the functions of a payroll manager.

80.

On or about December 27, 2021, Defendant reduced Plaintiff's rate of compensation from $18.00 to $16.83 per hour.

81.

Plaintiff continued to perform the functions, duties, and responsibilities of a payroll manager for Defendant after December 27, 2021.

82.

Defendant did not notify Plaintiff in advance of its intent upon decreasing Plaintiff's hourly rate of compensation on or about December 27, 2021.

83.

Defendant determined that the reasonable value of Plaintiff's work as a payroll manager was $18.00 per hour on or about August 1, 2021.

## COUNT III:
## BREACH OF CONTRACT

Plaintiff incorporates by reference paragraphs 1-34, as if set forth fully herein.

84.

There was a valid contract between the parties.

85.

Plaintiff fully performed all obligations and duties under the contract.

86.

Defendants failed to perform its duty to compensate Plaintiff at a rate of $18 per hour for hours that she worked as a payroll manager for Defendant.

87.

Plaintiff suffered damages of in the amount of $1,575.00

## COUNT IV:
## UNJUST ENRICHMENT

Plaintiff incorporates by reference paragraphs 1-34, as if set forth fully herein.

88.

Plaintiff conferred upon Defendant the benefit of her labor, working as a payroll manager for Defendant January 17 – January 29, 2022.

89.

Defendant voluntarily accepted and retained the benefit of Plaintiff's labor conferred upon Defendant by Plaintiff.

90.

Defendant has not compensated Plaintiff for the work she performed for Defendant January 17, 2022 – January 29, 2022.

91.

The circumstances are such that it would be inequitable for the defendant to retainer the benefit without paying the value thereof to the Plaintiff.

92.

Defendant initially valued Plaintiff's labor at $18.00 per hour.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and award Plaintiff unpaid overtime wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that the rights of Defendant breached its contractual agreement with Plaintiff;

(D)  Enter judgment against Defendant and award Plaintiff a sum that compensates Plaintiff at a rate of $18.00 per hour for each hour Plaintiff worked for Defendant under 40 hours in a single workweek.

(E)  Enter judgment against Defendant and award Plaintiff a sum of $1575.00 in unpaid wages and overtime plus prejudgment interest and reasonable attorney's fees;

(F)  Reasonable attorney's fees and expenses of litigation;

    (G)    All other relief to which he may be entitled.

Respectfully submitted this 15th day of June 2022.

**ANTHONY DAWKINS, P.C.**

*/s/ Anthony Dawkins*
Anthony Dawkins, J.D.
GA Bar No.: 157904
*Attorney for Plaintiff*

1441 Woodmont Ln NW STE 1097
Atlanta, Georgia 30318
Phone: (404) 551-5333
Fax:     (404) 720-3839
attorney@anthonydawkins.com